STATE OF MAINE                                    SUPERIOR COURT
PENOBSCOT, ss                                     CRIMINAL ACTION
                                                  DOCKET NO. CR-21-0282


STATE OF MAINE,              )
                            )
                            )
                            )
v.                          )                     ORDER
                            )
                            )
JAMES CHAMBERLAIN,          )
                            )
Defendant                   )


In this case, the defendant, while operating an all-terrain vehicle (ATV) on an ATV trail was stopped by a Dover Foxcroft police officer who was trying to locate a person who had previously fled from the officer. The officer asked Mr. Chamberlain if he had seen anyone on foot and then developed probable cause to believe Chamberlain was operating while under the influence. There is a controversy about discovery and the Court agrees that it should not consider evidence in the form of trial testimony that was contained in a report that was not provided to the defense, despite a request. The issues then become (1) does the police officer need a reasonable articulable suspicion to stop the ATV, and (2) if so, is such a suspicion present here?

A. 12 M.R.S. § 10353

According to 12 M.R.S. § 10353, "a game warden or other official described in section 1041 may (G) Stop and examine and all-terrain vehicle to ascertain whether it is being operated in compliance with chapter 939 or any other provision of this part regulating ATV's, demand and inspect the operator's certificate of registration and, when appropriate, demand and inspect evidence that the operator has satisfactorily completed a training course as required by section

1

PISCATAQUIS JUD CTR
JUL 26 '22 PM4:51

13152." 12 M.R.S. § 10401 specifies that (s)heriffs, deputy sheriffs, police officers and others have the powers of game wardens.

Here, officer Stone did not stop the defendant's ATV for the above permitted Title 12 purposes but stopped it for another purpose. Although it could be considered silly to invalidate the stop when all the officer had to do was also ask to see the certificate of registration, this statute should be narrowly construed because its provisions are in derogation of traditional Fourth Amendment principles. In *State v. McKeen*, 2009 ME 87, the Law Court reversed a trial court declaration that the statute was unconstitutional (with a hefty dissent), citing the need to protect private property and the environment, the unique nature of ATV travel in the fields and forests, and the difficulties in enforcing ATV laws as reasons supporting the constitutionality of the statute. Because the constitutionality of the statute is based entirely on a Title 12 rationale, I interpret the statute narrowly and it does not provide a justification for this stop

B. REASONABLE ATRICULABLE SUSPICION

1. Discovery

Despite a defense request for reports related to the reasons for this stop and despite a request by the prosecutor for the police officer to provide such reports, he provided none. At hearing the officer testified, over objection which was taken under advisement, to several details surrounding his attempt to stop a car, its failure to stop, the ditching the car, and the operator's running away on foot in the vicinity of the ATV stop. Because much of this information was not provided in discovery, the Court will go over what was provided and what was not, end excise that which was not provided. The Court notes that it should not have to engage in this analysis because the report should have been provided, but it will now examine the portion of the

2

evidence admitted at hearing that was included in the narrative that was provided in discovery, consisting of the Stone OUI report, the Wilson report, and the portion of the video played at trial. From this, the following can be gleened:

Officer Stone attempted to stop a white car.

It failed to stop but continued on in some fashion until reaching the vicinity of an ATV trail, whereupon the vehicle stopped and the driver fled.

The reason for the stop and the severity of the chase are unknown.

Police officers searched the white car, a police dog "hit" on an area in which a powder was found that the officers suspected contained illegal drugs.

Officer Stone stayed near the trail and asked passing ATV operators if they had seen a person on foot. His interaction with this defendant came at 11:00 p.m., approximately 1 1/2 to 2 hours after the suspect fled.

2. Analysis

According to *State v. LaPlante*, 2011 ME 85, to assess the constitutionality this stop, which I characterize as a third party stop, I must consider (1) the gravity of the public concern in locating a person who had failed to stop for the police and then fled on foot, (2) the degree to which this stop furthered the effort to locate the person who had fled, and (3) the severity of the interference with this defendant's liberty interest.

Addressing these criteria, unlike the civil speeding investigation in *LaPlante,* officer Stone was attempting to locate a person who he had reason to believe had committed 2 criminal offenses, refusal to stop for a police officer and possession of illegal drugs. Additionally, a

3

person taking such drastic action to avoid the police may have other reasons to flee. Concerning the degree to which asking ATV drivers if they had seen a person on foot up to 2 hours after the person had fled would further the effort to find him, this would be more likely to yield results if it were closer in time to the fleeing, but the officer had been asking for a while and had not yet located the person. I cannot say that the timing was so remote that the effort would have been futile or unlikely to yield positive results. Finally, the intrusion was somewhat minimal. Unlike a blue light motor vehicle stop in which the defendant is blue lighted, pulled over and detained the defendant was one of many who were merely flagged down so that brief questions could be asked trailside. Based on the foregoing, the Motion to Suppress is Denied

The entry is: Motion to Suppress Denied

7/26/22
Dated

William Anderson, Justice
Maine Superior Court

4